SecIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LANDON KOKENZIE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:21-CV-0056 |
| | § | |
| IULIAN TERGUTA, HUFTGOLD EXPRESS CORPORATION, and STA EXPRESS, INC., | § § § | |
| | § | |
| *Defendants*. | § | JURY TRIAL DEMAND |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Landon Kokenzie ("Plaintiff"), and files this Plaintiff's Original Complaint against Iulian Terguta, Huftgold Express Corporation, and STA Express, Inc. (collectively "Defendants") and for cause of action respectfully shows the Court as follows:

### A. PARTIES

1. Plaintiff Landon Kokenzie is an individual residing in Longview, Texas.

2. Defendant Iulian Terguta is an individual residing in Point Pleasant, New Jersey and may be served with process at his last known address of 3403 Bridge Avenue, Unit 11, Point Pleasant, New Jersey 08742-0874, or wherever he may be found.

3. Defendant Huftgold Express Corporation, a foreign corporation formed under the laws of the State of New Jersey, whose principal office is located at 3403 Bridge Avenue, Unit 11, Point Pleasant, New Jersey 08742-0874, is authorized to do business in Texas and may be served with process via certified mail, return receipt requested, by serving its registered agent, Iulian Terguta, at that address.

4. Defendant STA Express, Inc., a foreign corporation formed under the laws of the State of Illinois, whose principal office is located at 509 Majestic Lane, Oswego, Illinois 60543, is authorized to do business in Texas and may be served with process via certified mail, return receipt requested, by serving its registered agent and president, Alina Brinza, at that address.

### B. JURISDICTION AND VENUE

5. This Court has diversity of citizenship jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this action is between businesses or individual citizens of different states. All of the corporate defendants have engaged in intentional and systematic contacts with the State of Texas.

6. Venue is proper in this district under the provisions of 28 U.S.C. § 1391 because the collision occurred in Gregg County, Texas, which is in the Eastern District of Texas.

### C. FACTS

7. On November 21, 2019, Plaintiff was driving north on State Highway 42 in a 2004 GMC Sierra truck in Kilgore, Gregg County, Texas.

8. Plaintiff was following behind Defendant Iulian Terguta, who was operating a 2020 Freightliner Cascadia tractor trailer, and also traveling north on State Highway 42 in Kilgore, Gregg County, Texas.

9. The 2020 Freightliner Cascadia tractor trailer driven by Defendant Iulian Terguta was owned and/or funded by either Defendant Huftgold Express Corporation or Defendant STA Express, Inc.

10. When Defendant Iulian Terguta moved the 2020 Freightliner Cascadia tractor trailer left into the center turn lane, Plaintiff proceeded north on State Highway 42.

11. Suddenly and unexpectedly, Defendant Iulian Terguta attempted to make a right turn in front of Plaintiff's vehicle.

12. When Defendant Iulian Terguta made the sudden and unexpected right turn in front of Plaintiff, Plaintiff's vehicle was caused to collide with the right side of the trailer being pulled by Defendant Iulian Terguta.

13. The investigating Texas Peace Officer reported that the roadway was dry, straight, level pavement at the time of the collision.

14. The investigating Texas Peace Officer reported that the crash occurred during the afternoon daylight hours on a clear day without precipitation or fog.

15. The investigating Texas Peace Officer determined that Defendant Iulian Terguta's improper right turn was a factor contributing to the crash.

16. The investigating Texas Peace Officer made a determination of factors contributing to the crash and did not assign any fault in the crash to Plaintiff.

17. At the time of the collision, Defendant Iulian Terguta was working in the course and scope of his employment for either Defendant Huftgold Express Corporation or Defendant STA Express, Inc.

18. As a result of the collision, Plaintiff suffered serious bodily injuries which required, and continue to require, extensive medical attention and treatment.

D. **NEGLIGENCE AND NEGLIGENCE PER SE OF DEFENDANT TERGUTA**

19. The occurrence made the basis of Plaintiff's lawsuit, and the resulting injuries and damages to Plaintiff, were proximately caused by Defendant Iulian Terguta's acts and/or omissions including, but not limited to, one or more of the following:

   a. failing to maintain a single marked lane;

    b. failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

    c. failing to pay that degree of attention as a person of ordinary prudence would have under the same or similar circumstances;

    d. driving the 2020 Freightliner Cascadia tractor trailer without regard for the safety and welfare of other persons or property as a person of ordinary prudence would have under the same or similar circumstances;

    e. driving the 2020 Freightliner Cascadia tractor trailer in a manner inconsistent with the manner in which an ordinarily prudent person would have operated the vehicle under the same or similar circumstances; and

    f. making an unsafe right turn in violation of Texas Transportation Code §§ 545.101(a) and 545.103; and

    g. failing to use a turn signal in violation of Texas Transportation Code § 545.104.

20. Each and all of these acts and omissions, singularly or in combination with others, constituted negligence, which proximately caused Plaintiff's injuries and damages.

### E. RESPONDEAT SUPERIOR / STATUTORY EMPLOYEE

21. At all times pertinent hereto, Defendant Iulian Terguta was acting in the course and scope of his employment with or master-servant relationship with, or was otherwise an agent of, Defendant Huftgold Express Corporation and/or Defendant STA Express, Inc., and Plaintiff asserts the doctrine of *respondeat superior*.

22. Alternatively, upon information and belief, at all times material to this cause of action, Defendant, Iulian Terguta, was for all purposes a statutory employee of Defendant Huftgold Express Corporation and/or Defendant STA Express, Inc., as contemplated by both the Federal Motor Carrier Safety Responsibility ("FMCSR") Act and Texas statute.

23. An employer, as defined by the FMCSR, means "any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business…" 49 C.F.R. § 390.5 (1997).

24. Texas has incorporated by reference Parts 40, 380, 382, 385, 386, 387, 390-393, and 395-397 of the Federal Motor Carrier Safety Regulations. *See* 37 Tex. Admin. Code § 4.11 (2016) ("The director of the Texas Department of Public Safety incorporates, by reference, the Federal Motor Carrier Safety Regulations, Title 49, Code of Federal Regulations, Parts 40, 380, 382, 385, 386, 387, 390-393, and 395-397 including amendments and interpretations thereto as amended through May 1, 2016.").

25. Defendant Huftgold Express Corporation and/or Defendant STA Express, Inc. is, therefore, vicariously liable for the negligent actions of Defendant, Iulian Terguta. *Morris v. JTM Materials,* 78 S.W.3d 28 (Tex. App.—Fort Worth 2002, no pet.).

### F. NEGLIGENT HIRING, TRAINING, SUPERVISION, RETENTION AND ENTRUSTMENT OF DEFENDANTS HUFTGOLD EXPRESS CORPORATION AND STA EXPRESS, INC.

26. At all times pertinent to this Petition, Defendant Iulian Terguta was an employee or agent of Defendant Huftgold Express Corporation and/or Defendant STA Express, Inc. and was operating a vehicle provided by or funded by Defendant Huftgold Express Corporation and/or Defendant STA Express, Inc.

27. Defendant Huftgold Express Corporation and/or Defendant STA Express, Inc. had a duty to hire, train, supervise and retain competent employees.

28. Defendant Huftgold Express Corporation or Defendant STA Express, Inc., through their acts and omissions, were negligent and such negligence was a proximate cause of Plaintiff's injuries and damages.

29. Plaintiff would further show that his damages were directly and proximately caused by one or more of the following acts of negligence on the part of Defendant Huftgold Express Corporation and/or Defendant STA Express, Inc.:

  a. failing to use ordinary care in the hiring of Defendant Iulian Terguta;

  b. failing to use ordinary care in the training of Defendant Iulian Terguta;

  c. failing to use ordinary care in the supervision of Defendant Iulian Terguta;

  d. failing to use ordinary care in the retention of Defendant Iulian Terguta; and

  e. entrusting the 2020 Freightliner Cascadia tractor trailer to Defendant Iulian Terguta —a driver Defendant Huftgold Express Corporation and/or Defendant STA Express, Inc. knew or should have known was unlicensed, incompetent or reckless.

30. Each and all of these acts and omissions, singularly or in combination with others, constituted negligence, which proximately caused Plaintiff's injuries and damages.

## G. DAMAGES

31. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant Huftgold Express Corporation's and/or Defendant STA Express, Inc.'s acts and omissions described herein, Plaintiff has incurred the following damages:

  a. reasonable and necessary medical care and expenses incurred in the past;

  b. reasonable and necessary medical care and expenses which, in reasonable probability, will be incurred in the future;

  c. physical pain and suffering in the past;

  d. physical pain and suffering which, in reasonable probability, will be suffered in the future;

  e. mental anguish in the past;

  f. mental anguish which, in reasonable probability, will be suffered in the future;

  g. physical impairment in the past;

  h. physical impairment which, in reasonable probability, will be suffered in the future;

  i. loss of enjoyment of life and quality of life in the past;

    j.   loss of enjoyment of life and quality of life which, in reasonable probability, will be suffered in the future;

    k.   loss of income in the past; and

    l.   loss of earning capacity which, in reasonable probability, will be incurred in the future.

## H.  INTEREST

32.  Plaintiff seeks pre-judgment and post-judgment interest from the earliest dates and at the highest legal rates allowed by law.

## I.  JURY DEMAND

33. Plaintiff requests a trial by jury and hereby tenders the requisite fee.

## J.  PRAYER

34.  WHEREFORE, PREMISES CONSIDERED, Plaintiff prays Defendants be cited to appear and answer herein and that upon final trial of this cause, Plaintiff recover as follows;

    a.   actual damages;

    b.   pre-judgment and post-judgment interest as allowed by law;

    c.   costs of court; and

    d.   such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**SOREY, GILLILAND & HULL, LLP**
109 W. Tyler Street
Longview, Texas 75601
(903) 212-2822
(903) 212-2864 Facsimile

*/s/ R. Daniel Sorey*
**R. DANIEL SOREY**
NM State Bar No. 21815
TX State Bar No. 24041957
AR State Bar No. 2004064
LA State Bar No. 29430

Email: dan@soreylaw.com
**DEREK GILLILAND**
TX State Bar No. 24007239
OK State Bar No. 33707
Email: derek@soreylaw.com
**JOHN C. HULL**
TX State Bar No. 24050791
AR State Bar. No. 2012302
OK State Bar. No. 21707
Email: john@soreylaw.com

**ATTORNEYS FOR PLAINTIFF**