IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LANDON KOKENZIE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 2:21-cv-056-RSP |
| | § | |
| IULIAN TERGUTA, et al. | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM ORDER

Before the Court are Defendant STA Express, Inc.'s Motion to Transfer Venue (Dkt. No. 11), and Defendants Iulian Terguta and Huftgold Express Corporation's Motion to Transfer Venue (Dkt. No. 14). Both motions seek to transfer this case from the Marshall Division to the Tyler Division pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties. (*Id*.) After consideration, the Court concludes that Defendants have failed to meet their burden of showing that the Tyler Division would be clearly more convenient than the Marshall Division. Consequently, the Court **DENIES** both Motions to Transfer.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The Court concludes that this case could have been brought in the Tyler Division, so the Court will therefore focus on the issue of whether that venue is a clearly more convenient forum. To determine whether venue transfer is appropriate under § 1404(a), the Fifth Circuit has adopted several public and private interest factors. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"). The public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the

familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws. *Id*. The private interest factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id*.

A plaintiff's choice of venue is not an express factor in the analysis. *Seven Networks, LLC v. Google LLC*, 2018 U.S. Dist. LEXIS 146375, at *8 (citing *Volkswagen II*, 545 F.3d at 315). However, a moving defendant must demonstrate that the proposed venue is clearly more convenient than the original venue. *Id*. (citing *Volkswagen II*, 545 F.3d at 315). By applying this heightened standard, the plaintiff's choice of forum is given the appropriate deference. *Id*. (citing *Volkswagen II*, 545 F.3d at 315).

Defendant has not sufficiently shown how the factors weigh in favor of a transfer. The Court concludes that the administrative difficulties factor is relatively neutral. The local interest in having localized interests decided at home is also neutral.  Defendant indicates that the accident occurred in Gregg County, but Defendant does not offer any further facts to show why the Tyler Division would have a strong localized interest in this case. Most of Gregg County, including the Highway 42 area where this accident occurred, is at least as close to the Marshall courthouse as to the Tyler courthouse.  The factor of "familiarity of the forum with the law that will govern the case" is neutral as both divisions are well suited to handle this case. Similarly, the factor of "the avoidance of unnecessary problems of conflict of laws" is neutral as Defendant has not identified any conflict of laws issues for either division.

Turning to the private interest factors, Defendant has not identified any specific sources of proof that will be required in this case. Without pointing to any specific source of proof that will

be required, Defendant has not shown that any source of proof will be inconvenient to transport. Furthermore, Plaintiff points out that he has been treated by a doctor in Longview for his injuries and resides in Longview. Dkt. 20 at 2. Parts of Longview are in the Marshall division and all of it is considerably closer to the Marshall courthouse than the Tyler courthouse. The same analysis applies to the "cost of attendance of willing witnesses" factor. No witnesses have been identified for whom Marshall would be less convenient than Tyler.

The remaining private interest factors are neutral at best for Defendant. Defendant has not identified any witnesses for whom compulsory process would not be available in Marshall Division, making the "availability of compulsory process" factor neutral at best for Defendant. The Court concludes that the "other practical problems" factor is neutral.

Weighing all of the factors together, Defendants have failed to meet their burden of showing that the Tyler Division would be clearly more convenient than the Marshall Division. Defendants' Motions to Transfer are therefore **DENIED**.

**SIGNED this 8th day of February, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE